DENNIS J. HERRERA, State Bar #139669
City Attorney
DANNY CHOU, State Bar #180240
Chief of Complex and Special Litigation
CHRISTINE VAN AKEN, State Bar #241755
FRANCESCA GESSNER, State Bar #247553
Deputy City Attorneys
1390 Market Street, 7th Floor
San Francisco, California 94102
Telephone:     (415) 554-3875
Facsimile:     (415) 554-3985
E-Mail:          christine.van.aken@sfgov.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LOCAL SEARCH ASSOCIATION, | Case No. CV-11-2776 SBA (DMR) |
|---|---|
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | Date Action Filed   June 7, 2011<br>Trial Date:            Not set |
| CITY AND COUNTY OF SAN FRANCISCO; BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO; and EDWIN M. LEE, in his official capacity as MAYOR of the City and County of San Francisco, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter shall be made pursuant to the terms of this PROTECTIVE ORDER.

THEREFORE, plaintiff Local Search Association ("LSA") and Defendants the City and County of San Francisco, the Board of Supervisors of the City and County of San Francisco, and San Francisco Mayor Edwin M. Lee (collectively, "the City") stipulate, though their attorneys of record, to the entry of an order as follows:

1. **PURPOSE AND LIMITATIONS**

    1.1   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

    1.2   As reflected in the September 13, 2011 agreement set forth in the parties' Joint Report Pursuant to Fed. R. Civ. P. 26(f) (*see* Dkt. No. 61) (the "Member Documents Agreement"), Non-Party LSA members AT&T Advertising Solutions ("AT&T") and AGI Publishing, Inc., d/b/a Valley Yellow Pages ("AGI") have consented to make certain documents available to the City through Counsel of Record for LSA in response to requests for production served on LSA pursuant to Fed. R. Civ. P. 34.  Nothing in this Stipulated Protective Order shall be construed contrary to or as modifying the terms of the Member Documents Agreement.

    1.3   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

    2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2   Confidential Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that a Designating Party has in good faith designated as "CONFIDENTIAL," in addition to all confidential business information,

        trade secrets, or other documents or things qualifying for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>:  Counsel of Record and their support staff.

2.4    <u>Designating Party</u>:     a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action or who is employed by a Party or its counsel and is providing expert services in this action.

2.7    <u>House Counsel</u>:  attorneys who are employees of LSA, AT&T, or AGI.  "House Counsel" does not include Counsel of Record or any other outside counsel.

2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, including but not limited to AT&T and AGI.

2.9    <u>Counsel of Record</u>:  attorneys at Mayer Brown LLP or the Office of the San Francisco City Attorney.

2.10    <u>Party</u>:  any party to this action, including its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews  of  this  action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate

standards.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

        (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

        (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

      (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. In the event that any Confidential Information or Items is inadvertently not so designated by the Producing Party, any Party who notices the oversight shall promptly make it known to the other Parties so that the Producing Party may correct the designation. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

STIPULATION & ORDER                    6                  n:\cxlit\li2011\111349\00708359.doc
CASE NO. CV-11-2776 SBA (DMR)

1  designation was not proper and must give the Designating Party an opportunity to
2  review the designated material, to reconsider the circumstances, and, if no change in
3  designation is offered, to explain the basis for the chosen designation. A Challenging
4  Party may proceed to the next stage of the challenge process only if it has engaged in
5  this meet and confer process first or establishes that the Designating Party is unwilling
6  to participate in the meet and confer process in a timely manner.

   6.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, any Party may seek judicial intervention by following the procedures for resolution of discovery disputes set forth in the Notice of Reference and Order re Discovery Procedures, ECF Document No. 69, issued by Magistrate Judge Donna M. Ryu on October 18, 2011. Any joint letter regarding discovery disputes, or formal briefing regarding discovery disputes, must include an attestation that the Party seeking judicial intervention has complied with the meet and confer requirements imposed in the preceding paragraph. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The parties agree that the prevailing party in a joint letter or motion seeking to remove or retain a CONFIDENTIAL designation shall waive any entitlement to monetary sanctions, including attorney's fees, unless the Designating Party clearly shows that the challenge was made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses or burdens on other parties).

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Upon final disposition of this action (see Section 4, above), a Receiving Party must comply with the provisions of section 13, below. Protected Material must

1  be stored and maintained by a Receiving Party at a location and in a secure manner that
2  ensures that access is limited to the persons authorized under this Order.

3      7.2  <u>Disclosure of Confidential Information or Items</u>.  Unless otherwise ordered by the
4  Court or permitted in writing by the Designating Party, a Receiving Party may disclose
5  Confidential Information or Items only to:

    (a)  the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)  House Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)  the Court and its personnel;

    (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), with the exception that absent an order of this Court, no information or items designated CONFIDENTIAL by a Non-Party member of LSA may be disclosed to any officer, director, or employee of any other Non-Party member of LSA, under the presumption that any such disclosure is not reasonably necessary to the disposition of this action.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

1           Material must be separately bound by the court reporter and may not be
2           disclosed to anyone except as permitted under this Stipulated Protective
3           Order.
4     (g)   the author or recipient of a document containing the information, or a
5           custodian or other person who otherwise possessed or knew the
6           Confidential Information or Item prior to the commencement of this
7           lawsuit.

A Receiving Party may not provide Confidential Information or Items to the officers, officials, directors, representatives, or employees of any Party (excluding House Counsel) absent the written agreement of Counsel for the Producing Party or an Order of this Court.  However, for purposes of apprising such officers, officials, directors, representatives, or employees of the status of this litigation, the Receiving Party may disclose to such persons the general nature of the Confidential Information or Items without disclosing its content or other details of the Confidential Information or Items.

**8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Receiving Party must:

(i)   promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(ii)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(iii) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

STIPULATION & ORDER                           9                    n:\cxlit\li2011\111349\00708359.doc
CASE NO. CV-11-2776 SBA (DMR)

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Any party serving a subpoena on any Non-Party shall concurrently deliver a copy of this Stipulated Protective Order, and such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to

modify whatever procedure may be established in any e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in any further, appropriate stipulated protective order submitted to the court.

**12.     MISCELLANEOUS**

  12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

  12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

  12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Absent stipulation or court order, a Receiving Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5(d), and a Designating Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5(b)-(c).  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

**13.     FINAL DISPOSITION**

Within 30 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day

deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4, and this Court will have continuing jurisdiction to enforce the terms of this Stipulated Protective Order.

IT IS SO STIPULATED.

Dated: October 26, 2011          MAYER BROWN LLP

By: _____/s/_____
      Jason Wrubleski
Attorney for Plaintiff Local Search Association


Dated: October 26, 2011          DENNIS J. HERRERA
                                 SAN FRANCISCO CITY ATTORNEY

By:_____/s/_____
      Christine Van Aken*
Attorney for Defendants City and County of San Francisco, San Francisco Board of Supervisors, and San Francisco Mayor Edwin M. Lee

*THE FILER OF THIS DOCUMENT ATTESTS THAT CONCURRENCE IN THE FILING OF THIS DOCUMENT HAS BEEN OBTAINED FROM ALL SIGNATORIES.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  10/27/11

_____
HON. DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**
## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Local Search Association v. City and County of San Francisco, et al.*, Case No. CV-11-2776 SBA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  In addition, I specifically understand and promise the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.
2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.
3. I promise not to make copies of the CONFIDENTIAL INFORMATION.
4. I promise to return the CONFIDENTIAL INFORMATION to counsel for the party that provided it to me, at or before the conclusion of this litigation.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
DATE

_____
SIGNATURE

_____
PRINT NAME

_____
CITY AND STATE WHERE SWORN/SIGNED