UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOCAL SEARCH ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO; and EDWIN M. LEE, in his official capacity as MAYOR of the City and County of San Francisco,<br><br>Defendants. | Case No: C 11-02776 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS**<br><br>Docket 131, 148 and 151 |

Plaintiff Local Search Association ("LSA") brings the instant action against the City and County of San Francisco, the Board of Supervisors of San Francisco and Mayor Edwin M. Lee (collectively "the City"), to challenge the constitutionality of City Ordinance 78-11 ("Ordinance"). The parties are presently before the Court on the City's Motion for Stay of Proceedings. Dkt. 131. Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby GRANTS the motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

I.   **BACKGROUND**

On May 19, 2011, the San Francisco Board of Supervisors enacted the Ordinance as part of the City's "zero waste" campaign. The purpose of the campaign is to reduce the publication of "Commercial Phone Directories," such as LSA's Yellow Pages, by prohibiting their delivery to residents and businesses that do not opt in to receiving these directories. S.F., Cal., Environment Code § 20.8(a). The Ordinance originally was

scheduled to take effect on May 1, 2012, but has since been postponed due to the instant litigation.

LSA, a trade association comprised of publishers and businesses involved in the local search industry, filed a complaint pursuant to 42 U.S.C. § 1983 on behalf of its publisher members on June 7, 2011. The Complaint alleges constitutional violations of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Supremacy Clause, and similar violations of free speech and equal protection under California Constitution provisions.

On September 1, 2011, LSA filed a motion for preliminary injunction to enjoin the Ordinance, claiming that it has, and will, likely cause irreparable financial harm by depriving its members of, among other things, their free speech rights. Pl.'s Mot. for Prelim. Inj., Dkt. 48. The City's position is, inter alia, that the Yellow Pages publication constitutes commercial speech, and therefore, may be restricted under the First Amendment in order to achieve the City's substantial interests in reducing environmental waste and neighborhood blight. Defs.' Opp'n, Dkt. 70. Before the hearing on the motion transpired, however, the City notified the Court of its voluntary decision to postpone enforcement of the Ordinance until thirty days after the Ninth Circuit renders its ruling in Dex Media West, Inc. v. City of Seattle ("Dex Media"), a case which also involves an ordinance restricting the distribution of the Yellow Pages. No. 11-35399 (9th Cir. filed May 11, 2011); No. 11-35787 (9th Cir. filed Sept. 21, 2011).

Dex Media involves Ordinance 123427, enacted by the City of Seattle ("Seattle"), which requires a Yellow Pages publisher to meet the following conditions in order to distribute the directories: (1) obtain an annual distributor license; (2) pay fourteen cents for each directory distributed; and (3) clearly display on the front cover of each directory and web-site a message about opting out of receiving directories. Dex Media, 790 F. Supp. 2d 1276, 1278-79 (W.D. Wash. 2011). Several publishers and LSA filed an action against Seattle alleging, among other things, violations of their First Amendment right to free speech. Trial Pleading, Dex Media, No. 210CV01857 (W.D. Wash. Nov. 15, 2010), 2010

1. WL 4777881.  The publishers moved for a preliminary injunction, which the district court
2. denied.  Dex Media, 790 F. Supp. 2d at 1278.  In reaching its decision, the court found that
3. the Yellow Pages directories amounted to commercial speech, which Seattle could
4. reasonably restrict in order to achieve its substantial interests of waste reduction, resident
5. privacy, and cost recovery.  Id. at 1281-82.  The court later granted Seattle's summary
6. judgment motion with regard to plaintiffs' claims under the First Amendment and
7. Commerce Clause.  Dex Media West, Inc. v. City of Seattle, 793 F. Supp. 2d 1213, 1238
8. (W.D. Wash. 2011).   The publishers appealed the district court's decision to the Ninth
9. Circuit, which heard oral argument on the appeal on February 9, 2012.
10.     On March 6, 2012, Defendants filed the instant motion to stay proceedings until
11. thirty days after the Ninth Circuit renders its decision in Dex Media or until October 15,
12. 2012, whichever is earlier.  LSA opposes a stay, claiming that a stay will subject its
13. members to irreparable harm due to the loss of advertising revenue and uncertainty of the
14. Ordinance's legality.  In addition, LSA argues that Dex Media will not affect this case due
15. to the differences between the ordinances at issue.

16. **II.**    **DISCUSSION**
17.     Federal district courts have the power to stay ongoing proceedings "incidental to the
18. power inherent in every court to control the disposition of the causes on its docket with
19. economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co.,
20. 299 U.S. 248, 254, 57 (1936).  Where there is an independent proceeding related to a matter
21. before the trial court, the Court may "find it is efficient for its own docket and the fairest
22. course for the parties to enter a stay of an action before it, pending resolution of
23. independent proceedings which may bear upon the case."  Mediterranean Enters., Inc. v.
24. Ssanyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers
25. of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979)).
26.     In determining whether a stay is appropriate, the Court is to consider "the possible
27. damage which may result from the granting of a stay, the hardship or inequity which a
28. party may suffer in being required to go forward, and the orderly course of justice measured

1 in terms of the simplifying or complicating of issues, proof, and questions of law which
2 could be expected to result from a stay." Landis, 299 U.S. at 254.  A district court's
3 decision to grant or deny a stay is a matter of discretion.  See Dependable Highway Exp.,
4 Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  The party seeking a
5 discretionary stay bears the burden of proving that a stay is warranted.  See Clinton v. Jones,
6 520 U.S. 681, 708 (1997).

7    Here, a stay pending the Ninth Circuit's resolution of Dex Media is likely to
8 simplify and inform the issues before the Court, and aid in the speedy resolution of the
9 action, while conserving judicial resources and the parties' time and resources.  A central
10 issue in Dex Media, as well as in the instant case, is whether the Yellow Pages directories
11 should be deemed commercial speech—or non-commercial speech, which is entitled to a
12 higher level of First Amendment protection.  See Bolger v. Youngs Drug Prods. Corp., 463
13 U.S. 60, 64-65 (1983) ("[T]he Constitution accords less protection to commercial speech
14 than to other constitutionally safeguarded forms of expression.").  The Ninth Circuit's
15 resolution of that critical, threshold issue will be binding on this Court, and will directly
16 impact its analysis and evaluation of LSA's claims, irrespective of whether the two
17 Ordinances differ in some respects.  See Mediterranean Enters., 708 F.2d at 1465 (noting
18 that a stay may be warranted even if the results of the other proceeding will not be
19 controlling as to all issues in the pending action).

20    LSA claims that a stay pending a decision in Dex Media will be unduly prejudicial
21 due to the "uncertainty" regarding the legality of the Ordinance.   Pl.'s Opp'n at 3-4.  Such
22 uncertainty, LSA posits, negatively impacts its members' ability to conduct business and
23 has a chilling effect on their speech.  The Court is not persuaded.  First, even if the Court
24 declined to stay the action and adjudicated LSA's pending motion for preliminary
25 injunction, such uncertainty would continue to exist until the Ninth Circuit clarifies the
26 level of protection to be afforded to ostensibly commercial publications such as the Yellow
27 Pages.  Indeed, there is little practical difference between a stay and a preliminary
28 injunction since, under either scenario, the Ordinance will not be implemented.  Moreover,

the propriety of a preliminary injunction—to the extent that the Court were inclined to grant LSA's motion in the first instance—is subject to being revisited depending on the holding of <u>Dex Media</u>.

Second, the purported harms cited by LSA are principally financial harms, i.e., loss of advertising revenue and compliance costs. Such alleged expenditures generally are not considered irreparable harm. <u>Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1202 (9th Cir. 1980) (noting that monetary harm does not constitute irreparable harm). Furthermore, any chilling effect on speech is minimal because the City has already volunteered to delay the enforcement of the Ordinance until thirty days after the conclusion of <u>Dex Media</u> (or by no later than October 15, 2012), and has acknowledged that a ruling in favor of the publishers in <u>Dex Media</u> would likely cause it to revisit the provisions of the Ordinance. <u>See</u> Defs.' Mot. at 3 (noting that "[i]f LSA prevails before the Ninth Circuit on this issue and Yellow Page regulations are subject to strict scrutiny, *the Ninth Circuit's ruling will dispose of this case.*") (emphasis added). In the meantime, LSA's members remain able to engage in free speech by continuing their publication and distribution of the Yellow Pages.[1]

Finally, LSA asserts that the imposition of a temporary stay would be "reversible error" on the ground that a stay would have the practical effect of denying its motion for preliminary injunction. Pl.'s Opp'n at 5. The cases cited by LSA are distinguishable. In <u>Privitera v. California Board of Medical Quality Assurance</u>, 926 F.2d 890 (9th Cir. 1991), the Ninth Circuit held that a stay order based *on abstention grounds* was untenable under "the unique circumstances" presented. <u>Id.</u> at 896. The court explained that "[a]lthough the district court did not treat its order to stay the action and remove it from the active calendar as abstaining, the stay amount[ed] to abstention because it surrendered federal jurisdiction for an indefinite period to defer to a state court's judgment." <u>Id.</u> Here, the proposed stay is

---

[1] LSA's assertion that the mere existence of the unimplemented Ordinance has a chilling effect on its members' speech is vague and unsupported. Likewise, there is no evidence that LSA will not proceed with the publication of the next or any future editions of its Yellow Pages.

not based on any abstention doctrine; rather, it is predicated upon the anticipated decision by the Ninth Circuit on an issue that undoubtedly will control the issues presented in this case. See Mediterranean Enters., 708 F.2d at 1465.[2] In addition, the stay will not be indefinite, as it will continue until such time as the Ninth Circuit renders its decision in Dex Media or October 15, 2012 at the latest.

Nor is a stay order tantamount to a denial of a preliminary injunction, as LSA insists. The Ordinance at issue has never taken effect. Although the Board of Supervisors approved the Ordinance, the City ultimately decided that it is more prudent to await the Ninth Circuit's decision in Dex Media. To that end, the City will not implement or enforce the Ordinance, if at all, until at least thirty days after it receives the requisite guidance from the Ninth Circuit. LSA complains that no matter the outcome of Dex Media, the City will implement the Ordinance, and as such, the Court should decide the motion for preliminary injunction now.[3] But, as noted, the City has acknowledged that the legal viability of the Ordinance is dependent upon the Ninth Circuit's determination of whether the Yellow Pages publication constitutes commercial or non-commercial speech. To the extent that the City opts to proceed with the enforcement of the Ordinance in its present form after the ruling in Dex Media, LSA will have the opportunity to seek a preliminary injunction before the Ordinance takes effect.

### III.  CONCLUSION

For the reasons set forth above, the Court, in its discretion, finds that a temporary stay will promote judicial economy and the orderly administration of justice, with negligible, if any, prejudice to the parties. Accordingly,

---

[2] The other case cited by LSA, Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842 (Fed. Cir. 2008), involved a stay pending reexamination of a patent by the Patent and Trademark Office, and is not germane to the issues presented in the instant case.

[3] The City offered to stipulate to a stay with the imprimatur of court approval. LSA refused the offer and instead insisted that the City stipulate to the entry of a preliminary injunction.

IT IS HEREBY ORDERED THAT:

1. The City's Motion for Stay of Proceedings is GRANTED. All proceedings in this action are STAYED and all current deadlines are VACATED until thirty days after the Ninth Circuit Court of Appeals has decided <u>Dex Media West, Inc. v. City of Seattle</u>, Nos. 11-35399 and 11-35787, or October 15, 2012, whichever is earlier. The stay of proceedings is conditioned upon the City's agreement to stay implementation and enforcement of the Ordinance, as set forth above. During the pendency of the decision <u>Dex Media</u>, the action will remain closed. Within three (3) days of the Ninth Circuit's decision in <u>Dex Media</u> or by October 15, 2012, whichever is earlier, the parties shall file a joint request to reopen the case and request that the Court to schedule a case management conference.

2. The Clerk shall close the instant action during the pendency of the stay. LSA's pending motions for preliminary injunction are DENIED without prejudice to renewal upon the reopening of this action.

3. This Order terminates Docket Nos. 48, 131 and 151.

IT IS SO ORDERED.

Dated: May 1, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge