UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOCAL SEARCH ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO; and EDWIN M. LEE, in his official capacity as MAYOR of the City and County of San Francisco,<br><br>　　　　Defendants. | Case No: C 11-2776 SBA<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

Plaintiff Local Search Association ("LSA") filed the instant action against the City and County of San Francisco, the Board of Supervisors of San Francisco ("Board") and Mayor Edwin M. Lee (collectively "the City"), to challenge the constitutionality of City Ordinance 78-11 ("Ordinance"), which imposes restrictions on the distribution of Yellow Pages telephone directories. Prior to effective date of the Ordinance, LSA filed a motion for preliminary injunction to enjoin the Ordinance. In response, the City agreed to postpone implementation of the Ordinance pending resolution of the appeal in Dex Media West, Inc. v. City of Seattle, No. 11-35399, a case which involves an ostensibly analogous ordinance enacted by the City of Seattle restricting the distribution of the Yellow Pages. On October 15, 2012, the Ninth Circuit issued its decision in Dex Media West, Inc. v. City of Seattle, -- F.3d --, 2012 WL 4857200 (9th Cir. Oct. 15, 2012), which invalidated the

Seattle ordinance. In reaching its decision, the Ninth Circuit held that Yellow Pages telephone directories qualified as protected speech under the First Amendment.

In view of Dex Media and its impact on the Ordinance, the City introduced new legislation suspending the Ordinance ("Suspension Ordinance"). According to the City, the Suspension Ordinance is scheduled to be heard by the Land Use Committee of the Board on November 19, 2012. See Dkt. 184 at 3. After a committee meeting, the matter must be considered by the full Board at two separate Board meetings, which the City anticipates will occur on November 20, 2012, and December 4, 2012. Id. If the Suspension Ordinance is finally approved, Mayor Lee has ten days to sign it into law. Id.

The City contends that given the anticipated suspension of the Ordinance, LSA no longer has standing to seek injunctive relief and that the action is otherwise moot. Notwithstanding that the Ordinance has not yet been and is not scheduled to be implemented, LSA maintains that the continued presence of the Ordinance and its alleged threatened enforcement causes harm to LSA's members. Therefore, LSA disputes that its challenge to the Ordinance is moot and requests a ruling on its motion for preliminary injunction. In addition, both parties have submitted a stipulated request to file cross-motions to be heard on January 29, 2013. Dkt. 183. Specifically, the City intends to file a Motion to Dismiss for Lack of Subject Matter Jurisdiction, while LSA intends to file a Motion for Summary Judgment.

It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 95 (1998); S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). Therefore, to facilitate the efficient administration of justice, the Court will first consider the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction. See Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In the event that the Court finds that it has subject matter jurisdiction and that dismissal of the action is not warranted, the Court will issue a briefing schedule on LSA's

anticipated Motion for Summary Judgment and will resolve the motion for preliminary injunction.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. The following briefing schedule shall apply to the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction:

    a. Motion due by December 10, 2012.

    b. Opposition due by January 2, 2013.

    c. Reply due by January 16, 2013.

The hearing on the City's motion will take place on January 29, 2013 at 1:00 p.m.  The Court, in its discretion, may resolve the motion without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).  The parties are advised to check the Court's website to determine whether an appearance is required.

2. In view of the foregoing, the Case Management Conference scheduled for November 8, 2012 is VACATED.  The Case Management Conference will be rescheduled, if appropriate, following the Court's determination of the City's motion.  LSA's request to have the Case Management Conference scheduled for November 8, 2012, transcribed by a court reporter is DENIED as moot.

3. This Order terminates Docket 182.

IT IS SO ORDERED.

Dated:  November 7, 2012

SAUNDRA BROWN ARMSTRONG
United States District Judge